**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RACHEL ROBERSON,

       Plaintiff,

v.                                                                          Case No. 08-cv-14022

CITY OF PONTIAC, et al.,

       Defendants.
                                /

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the court is an excessive force claim against Pontiac police officers Locricchio and Main, who were two of several officers taking part in a search warrant execution raid at Plaintiff's residence. Defendants have filed a "Motion for Summary Judgment." The matter has been fully briefed, and the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). There is no evidence that either of the two named officers were involved in any acts of which Plaintiff complains, and for the reasons stated below the court will grant Defendants' motion for summary judgment.

**I. BACKGROUND**

Because this matter comes before the court on Defendants' motion for summary judgment, the factual background is derived largely from Plaintiff's response, summarizing her and Defendants' depositions, presented in the light most favorable to Plaintiff. Fed. R. Civ. P. 56. Plaintiff Rachel Roberson was at her home on June 22, 2006 when Defendant police officers conducted a raid on the house. (Pl.'s Resp. at 2.) At the time of the raid, Plaintiff was in the restroom on the second floor of her home.

(*Id.*)  One of the officers "yelled at [Plaintiff] to get off the toilet" and denied her request

to "zip her pants," leaving her exposed during the encounter.  (*Id.*)  Plaintiff asserts the

same officer, despite Plaintiff's statement to him that she was pregnant, threw her to the

ground and kicked her in the side.  (*Id.*)  Plaintiff turned her head to speak to the officer,

presumably lifting her body off the ground slightly.  (*Id.*)  The officer used his foot to

push her body back to the ground with enough force to break the skin on Plaintiff's

back.  (*Id.*)  Plaintiff requested medical attention and was soon thereafter transported to

the Pontiac Osteopathic Hospital from which she was released the following day.[1]

Plaintiff filed suit, naming the City of Pontiac and eleven individual Pontiac police

officers – Locricchio, Janczarek,[2] Main, Wood, Moon, Chandler, Ludd, Lee, Werner,

Olsen, and Cosby.  Plaintiff's complaint contained four counts, three of which were state

law claims remanded by this court on October 14, 2008.  (10/14/08 Order.)  Plaintiff's

single count remaining before the court, brought pursuant to 42 U.S.C. § 1983, is

against Defendant officers Locricchio and Main only.  (Pl.'s Compl. at 3, "Section 1983

Against Individual Officers, Locricchio and Main, Who Were Acting In Their Individual

Capacity".)

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when

there is no genuine issue as to any material fact and the moving party is entitled to

---

[1]  Plaintiff provided a "Medical Imaging Report," dated June 23, 2005 and signed by a "R M Katz, D.O." (Pl.'s Resp., Ex. C.)

[2]  Defendant Janczarek was dismissed, by stipulation of the parties, on December 5, 2008.

judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "In deciding a motion for summary

judgment, the court must view the evidence in the light most favorable to the non-

moving party, drawing all reasonable inferences in that party's favor."  *Sagan v. United*

*States*, 342 F.3d 493, 497 (6th Cir. 2003).  "Where the moving party has carried its

burden of showing that the pleadings, depositions, answers to interrogatories,

admissions and affidavits in the record, construed favorably to the non-moving party, do

not raise a genuine issue of material fact for trial, entry of summary judgment is

appropriate."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but

rather, to determine if the evidence produced creates a genuine issue for trial.  *Sagan*,

342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The moving party must first show the absence of a genuine issue of material fact.  *Plant*

*v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323).

The burden then shifts to the nonmoving party, who "must do more than simply show

that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  He must put forth enough

evidence to show that there exists a genuine issue to be decided at trial.  *Plant*, 212

F.3d at 934 (citing *Anderson*, 477 U.S. at 256).  Summary judgment is not appropriate

when "the evidence presents a sufficient disagreement to require submission to a jury."

*Anderson*, 477 U.S. at 251-52 (1986).  The existence of a factual dispute alone does

not, however, defeat a properly supported motion for summary judgment – the disputed

factual issue must be material.  *See id.* at 252 ("The judge's inquiry, therefore,

unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)).  A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party.  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III. DISCUSSION

Plaintiff asserted against Locricchio and Main a cause of action under 42 U.S.C. § 1983.  Title 42 of the United States Code, section 1983 requires Plaintiff to prove that the Defendants, acting under "color of law," deprived her of a clearly established right secured by the Constitution or the laws of the United States.  42 U.S.C. § 1983; *Rhoads v. Bd. of Educ. of Mad River Local Sch. Dist.*, 103 F. App'x 888, 894 (6th Cir. 2004); *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003).  It is undisputed that Defendant officers were acting under color of law during the raid on Plaintiff's house.  Therefore, the court's focus will be on whether Plaintiff can prove a deprivation of a clearly established Constitutional right.

### A.  Excessive Force

Plaintiff contends, in the single count before this court, that Defendant officers Locricchio and Main used excessive force in subduing her during the raid on her house. (Pl.'s Compl. at 3). Defendants argue, in their motion for summary judgment, that even if their actions rise to the level of a Constitutional violation, they are immune from suit under the doctrine of qualified immunity.  (Def.'s Mtn. at 27.)

Claims that law enforcement officers have used excessive force in effectuating an arrest are analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989).  This standard "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."  *Id.* at 396 (internal quotations omitted); *Williams v. City of Grosse Pointe Park*, 496 F.3d 482, 490-91 (6th Cir. 2007).  While there is no doubt that law enforcement officers' right to make an arrest "carries with it the right to use some degree of physical coercion or threat thereof to effect it,"  *Graham*, 490 U.S. at 396, the ultimate application of the standard requires "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Id.*  Any analysis must reflect "the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation."  Thus, "there is no easy-to-apply legal test in the Fourth Amendment context, and instead judges are to look to the factual and practical considerations of everyday life which reasonable and prudent men, not legal technicians, act."  *Davenport v. Causey*, 521 F.3d 544, 551-52 (6th Cir. 2008) (internal quotations and citations omitted).

At a summary judgment stage, the court must "determine the relevant set of facts and draw[ ] all inferences in favor of the nonmoving party to the extent supportable by the record."  *Dunn v. Matatall*, 549 F.3d 348, 353 (6th Cir. 2008) (*quoting Scott v. Harris*,

550 U.S. 372, 127 S. Ct. 1769, 1776 n.8 (2008)).  The conclusion – whether

Defendants' actions were reasonable under the Fourth Amendment – is a question of

law.  *Dunn*, 549 F.3d at 353.

To that end, Plaintiff's complaint states only that the "individual officers,

Locricchio and Main . . . violated the Fourth Amendment rights of Plaintiff by using

excessive force while attempting to detain [her]."  (Pl.'s Compl. at 3.)  Defendant

Locricchio denies having any interaction at all with Plaintiff, (Defs.'s Mot., Ex. D at 9)

and Plaintiff's counter-statement of facts adopts his recollection.  (Pl.'s Resp. at 4.)

Defendant Main recalls only a brief conversation with Plaintiff when he first encountered

her – while she was in handcuffs and after any alleged excessive force would have

taken place (Defs.'s Mot., Ex. G at 5, 7) – and Plaintiff does not refute Main's

recollection.  (Pl.'s Resp. at 4.)

Most importantly, Plaintiff's response could not be more clear on the identity of

the Defendant officers who are alleged to have used excessive force, and it was not

these Defendants:

> The Defendant officers used excessive force in the detention, thereby violating
> Ms. Roberson's clearly established Fourth Amendment right to be free from
> unreasonable seizures and excessive force, when she was thrown to the floor,
> kicked and shoved onto her pregnant stomach and stomped on her back.  Ofc.
> Ludd and Lee caused substantial damage to Plaintiff's back and shoulder,
> uterine hemorrhaging and emotional and mental concern for her pregnancy.[3]

---

[3]   The June 23, 2005 Medical Imaging Report states that Plaintiff presented with
a "[s]lightly hyperechoic irregularity within the anterior uterine wall most likely
represent[ing] uterine contraction; however, fibroid and less likely hemorrhage should
be considerations."  (Pl.'s Resp., Ex. C at 2.)  Plaintiff avers that this "less likely . . .
consideration[]" of a uterine hemorrhage is equivalent to "reveal[ing] that she had
hemorrhaging."  (Pl.'s Resp. at 3.)  The court need not resolve the extent of Plaintiff's
injuries, but notes that it seems odd for Plaintiff to ignore the "*most* likely" medical

>Looking at the totality of the circumstance, Ofc. Lee and Ofc. Ludd's actions in throwing Plaintiff to the floor and kicking her and stomping on her to force her stomach to the floor was . . . a knowing violation of Plaintiff's rights.  Ofc. Ludd knew that Plaintiff was pregnant, knew that she had her hands over her head and that Plaintiff cooperated in the raid.  He knew that Plaintiff was not resisting and not fleeing the scene and was cooperating.  Even Officer Lee testified that no physical force would be necessary in that circumstance.

(Pl.'s Resp. at 12-13.)

Plaintiff's own version of the events, offered in opposition to Defendant's motion for summary judgment on Count II, establishes that if any officer was involved in applying excessive force it was Lee, Ludd or both.  Plaintiff not only fails to refute Defendants Locricchio's and Main's contentions that they had no involvement in the alleged incident, her own testimony and counsel's response to the motion identify other officers. The argument section of her response to the motion, less than two pages of case-specific material, does not even mention Locricchio or Main.

There is no genuine issue of material fact for trial as to whether Defendant Locricchio's or Defendant Main's acts during the raid constituted excessive force; indeed there is no evidence of force of any variety being employed by either of these officers.  Summary judgment is appropriate, then, as to the remaining count in Plaintiff's complaint – Count II.  *Gutierrez,* 826 F.2d at 1536.[4]  Because the Defendants implicated

---

conclusion and set forth with no explanation the "*least* likely" possibility as the operative fact.

[4]  Inexplicably, despite the significant detail Plaintiff offers to support her claim that it was Defendants Lee and/or Ludd who used excessive force, she also states "she does not know the identity of the officer who assaulted her."  (Pl.'s Resp. at 2.) Regardless, she either does not know the identity of the person who allegedly assaulted her – and thus has no evidence it was Locricchio or Main – or she does know the identity – and because she specifies that person as Lee, Ludd or both, it was neither Defendant Locricchio or Main.  In either case, the court's summary judgment conclusion

in Count II did not use force, excessive or otherwise, in arresting Plaintiff, there was no constitutional violation. In this light, the court may address the question of qualified immunity, *Pearson v. Callahan,* 555 U.S. --, 129 S. Ct. 808, 818 (2009), but need not do so. There is no purpose to be served in this case by extending the discussion.

## IV.  CONCLUSION

IT IS ORDERED that Defendants'"Motion for Summary Judgment" [Dkt. # 19] is GRANTED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 11, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 11, 2009, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

remains the same.

S:\Cleland\JUDGE'S DESK\C1 ORDERS\08-14022.ROBERSON.Grant.Def.SJ.eew.wpd